UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY D DIXON II,

                    Plaintiff,

          -against-

VILLAGE OF SLEEPY HOLLOW,

                  Defendant.

**ORDER OF SERVICE**

26-CV-113 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that the Village of Sleepy Hollow violated his constitutional rights during a traffic stop that resulted in the seizure and impoundment of his vehicle, which he also used as his home. The Court liberally construes the complaint as raising additional claims under Title II of the Americans with Disabilities Act, the Rehabilitation Act, and the New York State Human Rights Law. By order dated January 15, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## **DISCUSSION**

A.    Unidentified officers involved in seizure of Plaintiff and his vehicle

Plaintiff asserts claims under 42 U.S.C. § 1983, but he names the Village of Sleepy Hollow as the only defendant. In light of Plaintiff's apparent attempt at proceeding under Section 1983, the Court liberally construes the complaint as asserting Section 1983 claims against the officers who seized Plaintiff and his vehicle. The Court therefore directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption to add as Defendants in this action "John/Jane Doe 1" and "John/Jane Doe 2." This amendment is without prejudice to any defenses that these defendants may wish to assert once they are identified.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

sufficient information to permit the Village of Sleepy Hollow to identify Defendants John/Jane Doe 1 and John/Jane Doe 2, Sleepy Hollow Police Department officers who initiated a car stop of Plaintiff on December 25, 2025, issued him a citation, and caused his vehicle to be seized and towed. It is therefore ordered that the Village of Sleepy Hollow must ascertain the identities and badge numbers of John/Jane Doe 1 and John/Jane Doe 2, whom Plaintiff seeks to sue here, and the addresses where these defendants may be served. The Village of Sleep Hollow must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the John/Jane Doe Defendants are identified. If identified, the Court will issue a subsequent order of service directing the Clerk of Court to complete the USM-285 form with the address for the named John/Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

B.    Service on Defendant Village of Sleep Hollow

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Village of Sleepy Hollow through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Village of Sleepy Hollow. The Clerk

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Village of Sleepy Hollow.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to amend the caption to add as Defendants, under Rule 21 of the Federal Rules of Civil Procedure, John/Jane Doe 1 and John/Jane Doe 2.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the Village of Sleepy Hollow at 28 Beekman Avenue, Sleepy Hollow, New York 10591.

The Clerk of Court is further instructed to issue a summons for Defendant Village of Sleepy Hollow, complete the USM-285 form with the address for Defendant Village of Sleepy Hollow, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the Consent to Electronic Service.[2] A copy of this form is annexed to this Order.

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

4

**SO ORDERED:**

Dated:   White Plains, New York
         January 16, 2026

_____
PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

Defendant Village of Sleepy Hollow
28 Beekman Avenue
Sleepy Hollow, New York 10591

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City              State             Zip Code

_____
Telephone Number                   E-mail Address

_____
Date                               Signature

**Click Here to Save**